

U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530
202-514-8877

VIA CM/ECF

October 17, 2022

Mr. Lyle W. Cayce
Clerk of Court
United States Court of Appeals for the Fifth Circuit
F. Edward Herbert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

       RE:    Response to supplemental citation in *Braidwood Management, Inc. v. EEOC*, No. 22-10145

Dear Mr. Cayce:

Pursuant to Rule 28(j), we write in response to the plaintiffs' October 8 letter advising this Court of a recent decision granting summary judgment on certain APA claims in *Texas v. EEOC*, No. 2:21-CV-194-Z (N.D. Tex.). That district court decision—which is obviously non-precedential and subject to further review—does not further plaintiffs' position in this appeal.

First, that decision does not help plaintiffs on the threshold ripeness and standing problems that bar all of plaintiffs' claims. Gov. Br. 19-50. On ripeness in particular, *Texas* only reinforces that the district court here erred in purporting to pre-judge broad categories of employment policies *ex ante*. Consistent with the government's ripeness arguments here, the court in *Texas* recognized that questions about whether particular employment actions taken against transgender or homosexual individuals amount to discrimination under Title VII must be resolved on a "case-by-case" basis and cannot be preemptively resolved *en masse*. Slip. Op. 9.

As to plaintiffs' scope-of-Title VII claims, *Texas* did not categorically accept the status/conduct distinction that plaintiffs invoke. Instead—consistent with the government's position here—*Texas* held that "'status' and 'conduct' do not *necessarily* merge" every time discrimination is claimed based on a "'closely associated' trait." Slip Op. 12. In any event, the entire status/conduct distinction is flawed: Even if not directly compelled by *Bostock*'s holding, the inevitable upshot of *Bostock*'s reasoning is that policies that target same-sex behavior or that turn invariably on an employee's sex assigned at birth may result in actionable sex discrimination. Gov. Br. 53-53. Indeed, numerous decisions issued both before and after *Bostock* have recognized as much. *See* Gov. Br. 54 (gathering case). And in any event, most of plaintiffs' Title VII claims fail even under the supposed conduct/status dichotomy because they involve policies that *expressly* target homosexual and transgender individuals. Such policies are at least in part about status, not merely conduct. *See* Gov. Br. 59; Gov. Reply 45, 48.

For these reasons, *Texas* does not support plaintiffs' Title VII claims and only underscores why their claims for broad, declaratory relief are not ripe.

Respectfully submitted,

*s/ Jack Starcher*
Jack Starcher
Attorney, Appellate Staff
Civil Division, Room 7515
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 514-8877

cc: Counsel (via CM/ECF)